UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>OLEGARIO TRUJILLO,<br><br>**Defendant.** | CASE NO. 1:15-cr-00288-AWI-SKO<br><br>**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>(Doc. No. 534) |

Defendant Olegario Trujillo, appearing through counsel, has moved to modify his prison sentence through 18 U.S.C. § 3582(c). For the reasons that follow, the Court will deny Defendant's motion.

## BACKGROUND

In 2017, Defendant pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and received a sentence of 240 months of imprisonment and 60 months of supervised release. Defendant is currently incarcerated in Federal Correctional Institution Mendota and has a projected release date of October 20, 2032. He is currently thirty-four years old.

On October 16, 2020, Defendant submitted a request for compassionate release to the FCI Mendota warden. The government states that this request was denied. Then, on November 23, 2020, Defendant filed the instant motion, which was later reassigned to the undersigned. Doc. No. 534. The government filed opposition. Doc. No. 548. Defendant did not file a reply.

## **LEGAL STANDARD**

Criminal defendants are permitted to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, 18 U.S.C. § 3582 provides in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction;
> > > >
> > > > . . . .
> > >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

With one exception, Congress has fully delegated to the Sentencing Commission the responsibility to define what constitutes "extraordinary and compelling reasons" under the statute. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.). Relevant here, the Sentencing Commission has issued a policy statement that describes medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13 cmt. n.1(A).[1]  Specifically, the requirement is met where a defendant is

---

[1] Sentencing Guideline § 1B1.13 was issued in 2006 and last amended on November 1, 2018. U.S.S.G. § 1B1.13. Since that most recent amendment, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), which itself amended § 3582 to allow imprisoned persons to directly file their own motions for compassionate release. In light of the First Step Act's amendment, several federal courts of appeals have held that § 1B1.13 is not binding on district courts' discretionary consideration of these specific motions. See United States v.

"suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," or "suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process." Id.  Under any of these descriptions, the defendant's medical condition must be one that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id.

"The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." United States v. Greenhut, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## **DISCUSSION**

As to the threshold question, Defendant complied with the administrative exhaustion requirement under § 3582(c)(1)(A).  Before filing his motion, Defendant submitted a compassionate release request to the FCI Mendota warden, and more than thirty days have elapsed since submission without any action taken by the warden.  This satisfies the statutory requirement. See United States v. Morales, No. 1:17-cr-0137-AWI-SKO, 2020 WL 6887787, at *2 (E.D. Cal. Nov. 24, 2020).

Turning to the merits of his motion, Defendant points to his current medical conditions and the prison environment during the COVID-19 pandemic, and argues that this combination puts

---

Brooker, 976 F.3d 228, 230, 235–37 (2d Cir. 2020); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1108–12 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020).  Although there is no Ninth Circuit authority on this particular issue, "even courts which have found [§ 1B1.13] to be outdated have held it continues to provide 'helpful guidance.'" United States v. Burrill, 445 F. Supp. 3d 22, 24 n.2 (N.D. Cal. 2020) (quoted source omitted); see also Gunn, 980 F.3d at 1180 ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused.  In this way the Commission's analysis can guide discretion without being conclusive."); McCoy, 981 F.3d at 282 n.7.  This Court will follow that lead and consider the Sentencing Commission's policy statement under § 1B1.13 as guidance, without determining whether it is binding in this situation.  See United States v. Sanders, No. 2:13-CR-00312-KJM, 2021 WL 78869, at *2 (E.D. Cal. Jan. 6, 2021); see also United States v. Parker, 461 F. Supp. 3d 966, 980 n.9 (C.D. Cal. 2020); United States v. Soto, No. 13-cr-253-PJH, 2020 WL 7468751, at *3 (N.D. Cal. Dec. 18, 2020).

3

him at heightened risk for severe illness.  He contends that this constitutes an extraordinary and compelling reason warranting the reduction of his sentence under § 3582(c)(1)(A).

In his motion, Defendant states that he suffers from hypothyroidism; a high mean platelet volume ("MPV"), which is associated with hypothyroidism, cancer, heart disease, and diabetes; high bilirubin levels, which is associated with red blood cell, liver, or gallbladder problems; high blood pressure; and chest, neck, and throat pain.  Of these conditions, however, Defendant's prison medical records—which were filed under seal by the government—indicate only that he was diagnosed with and prescribed medication for hypothyroidism on September 14, 2020.  The records indicate that Defendant tested for high levels of MPV and bilirubin on September 11, 2020, but the records do not indicate that Defendant has been diagnosed with or received treatment for any of the other medical conditions he cites in his motion.  And Defendant has not provided any other evidence of this kind.  While Defendant cites general statements from the World Health Organization and Centers for Disease Control and Prevention that those with underlying medical conditions such as cardiovascular disease, diabetes, asthma, cancer, and obesity are at a higher risk for severe illness from COVID-19, he has not shown that he suffers from any of these conditions.  The same is true with a document Defendant attaches to his motion that he describes as his "medical records," but appears instead to be a collection of general information regarding some of the conditions and symptoms he references in his motion.  See Doc. No. 534-2.

As to his hypothyroidism, Defendant has not shown that his particular condition meets one of the descriptions set forth in Sentencing Guideline § 1B1.13, nor has he demonstrated that his condition substantially diminishes his ability to provide self-care within the prison setting.  While he focuses on the continuing COVID-19 pandemic, Defendant has not made a case that his condition subjects him to a higher risk of complications if he were to contract COVID-19, and that this risk is heightened even further because of his incarceration at FCI Mendota.  In sum, Defendant has not satisfied the "extraordinary and compelling" requirement of § 3582(c)(1)(a).  See United States v. Rice, No. 12-cr-818-PJH, 2020 WL 3402274, at *3 (N.D. Cal. June 19, 2020) (determining that a seventy-year-old inmate suffering from hypertension, obesity, and *hypothyroid disorder* had not satisfied the "extraordinary and compelling" requirement).

Moreover, even if his medical condition satisfied the "extraordinary and compelling" requirement, Defendant has not argued—much less shown—that his release is supported by applicable factors under 18 U.S.C. § 3553(a), as required by the language of § 3582(c)(1)(A). United States v. Ward, No. 2:15-cr-00131-TLN, 2020 WL 7425331, at *2 (E.D. Cal. Dec. 18, 2020); United States v. Rogers, No. 1:16-cr-00072-NONE, 2020 WL 5440352, at *3, *6 (E.D. Cal. Sept. 10, 2020); United States v. Dailey, No. 2:13-cr-00118-KJM, 2020 WL 4504449, at *3 (E.D. Cal. Aug. 5, 2020).  In opposition, the government emphasizes that at the time he filed his motion, Defendant still had 178 months—or nearly three-fourths of his term of imprisonment—yet to serve, and that reducing his sentence by such an amount of time would be inconsistent with multiple applicable factors under § 3553(a).[2]  Without argument from Defendant on this issue, the Court need not dwell long.  In short, the Court does not find reason to so drastically reduce Defendant's sentence given the nature and circumstances of his offense, as well as his history of similar drug offenses.  18 U.S.C. § 3553(a)(1).

Because Defendant has not carried his burden of demonstrating that he is entitled to the requested relief under § 3582(c)(1)(A), the Court will deny his motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Trujillo's motion for compassionate release (Doc. No. 534) is DENIED.

IT IS SO ORDERED.

Dated:   February 5, 2021

_____
SENIOR  DISTRICT  JUDGE

---

[2] The government also contends that Defendants is dangerous such that his release would contradict Sentencing Guideline § 1B1.13(2).  See United States v. Bishop, No. 2:17-cr-00087-TLN, 2021 WL 38167, at *2 (E.D. Cal. Jan. 5, 2021); United States v. Pickard, No. 2:11-cr-00449-KJM, 2020 WL 4227510, at *5 (E.D. Cal. July 23, 2020).  Here too, Defendant has made no argument.